UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STEPHEN B. NALLEY, Individually and as Executor
of the Estate of Barbara Secor,

                    Plaintiff,

v.                                                 1:24-CV-0947
                                                (GTS/CFH)

TOWN OF NASSAU; MICHAEL PREST, in His
Capacity as Town of Nassau Code Enforcement
Officer; DAVID FLEMING, in His Capacity as Town
of Nassau Supervisor; and VANESSA BEUSCHEL, in
Her Capacity as Town of Nassau Planning Board
Member,

                    Defendants.
_____

APPEARANCES:                                      OF COUNSEL:

TOPOROWSKI LAW, PLLC                 MATTHEW A. TOPOROWSKI, ESQ.
  Counsel for Plaintiff
PO Box 7271
Albany, NY 12224

NAPIERSKI, VanDENBURGH, NAPIERSKI     SHAWN F. BROUSSEAU, ESQ.
& O'CONNOR, LLP                               DIANE LUFKIN SCHILLING, ESQ.
  Counsel for Defendants
296 Washington Avenue Extension
Albany, NY 12203

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this civil rights action brought by Stephen B. Nalley

("Plaintiff") against the above-named municipality and three officials ("Defendants"), are (1)

Plaintiff's motion for a preliminary injunction pursuant to Fed. R. Civ. P. 65, and (2) Defendants'

cross-motion to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Fed. R. Civ.

P. 12(b)(6) or in the alternative for summary judgment pursuant to Fed. R. Civ. P. 56. (Dkt. Nos. 2, 14.) For the reasons stated below, Plaintiff's motion is denied and Defendants' cross-motion is granted.

## I.  RELEVANT BACKGROUND

Because this Decision and Order is intended primarily for the review of the parties, the Court will assume the reader's familiarity with the factual allegations giving rise to Plaintiff's equal protection claim, this action's relevant procedural history (which includes a denial of Plaintiff's request for a Temporary Restraining Order), and the parties' arguments on their pending motions. (*See generally* Dkt. Nos. 1, 2, 5, 14, 18 and 20.) The Court will add only that no evidentiary hearing was conducted on Plaintiff's motion for a preliminary injunction because of the parties' stated intent (in email communications with the Court on October 7, 2024) to rely on their prior filings and not to submit evidence and/or call witnesses at such a hearing. (Text Notice filed Oct. 8, 2024.)

## II.  GOVERNING LEGAL STANDARDS

### A.  Legal Standard Governing a Motion for a Preliminary Injunction

Because the parties to this action have demonstrated, in their memoranda of law, an accurate understanding of the legal standard governing a motion for a preliminary injunction, the Court will not recite that well-known legal standard in this Decision and Order, but will respectfully direct the reader to the Court's recent decision in *Hunter v. Cortland Housing Authority*, 714 F. Supp.3d 46, 54-57 (N.D.N.Y. 2024) (Suddaby, J.).

### B.  Legal Standard Governing a Motion to Dismiss for Failure to State a Claim

Because the parties to this action have demonstrated, in their memoranda of law, an

accurate understanding of the legal standard governing a motion to dismiss for failure to state a claim, the Court will not recite that well-known legal standard in this Decision and Order, but will respectfully direct the reader to the Court's decision in *Schulz v. New York*, 19-CV-0056, 2019 WL 3975670, at *3-4 (N.D.N.Y. Aug. 22, 2019) (Suddaby, C.J.), *affirmed sub nom. Futia v. New York*, 837 F. App'x 17 (2d Cir. Nov. 24, 2020).

### C.     Legal Standard Governing a Motion for Summary Judgment

Because the parties to this action have demonstrated, in their memoranda of law, an accurate understanding of the legal standard governing a motion for summary judgment, the Court will not recite that well-known legal standard in this Decision and Order, but will respectfully direct the reader to the Court's decision in *Cao-Bossa v. New York State Dep't of Labor*, 18-CV-0509, 2021 WL 3674745, at *10-11 (N.D.N.Y. Aug. 19, 2021) (Suddaby, C.J.), *affirmed*, 2023 WL 2376071 (2d Cir. 2023).

## III.    ANALYSIS

One of the issues central to both of the pending motions is whether the decision of certain issues in a state court proceeding collaterally estop Plaintiff from litigating his current equal protection claim under a theory of selective enforcement. (*See, e.g.,* Dkt. No. 2, Attach. 1, at 8-10 [attaching pages "4" through "6" of Plf.'s Memo. of Law]; Dkt. No. 14, Attach. 15, at 6-9 [attaching pages "3" through "6" of Defs.' Opp'n and Cross-Motion Memo. of Law]; Dkt. No. 18, Attach. 1, at 5-11 [attaching pages "2" through "8" of Plf.'s Opp'n Memo. of Law]; Dkt. No. 20, at 4-6 [attaching pages "1" through "3" of Defs.' Reply Memo. of Law].)  More specifically, the applicability of the collateral estoppel doctrine would, in addition to rendering it unlikely that Plaintiff would succeed on the merits of his equal protection claim for purposes of his motion for

a preliminary injunction, entitle Defendants to a judgment as a matter of law on their cross-motion for summary judgment. (*Id*.)

"Collateral estoppel applies when (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Epperson v. Entertainment Express, Inc.*, 242 F.3d 100, 108 [2d Cir 2001]). Here, Plaintiff primarily argues that, "[b]ecause [he] did not assert a counterclaim for selective enforcement [in the state court proceeding against Defendants], [he] did not litigate [that claim]," for purposes of the third element stated above. (Dkt. No. 18, Attach. 1, at 6-7 [pages "3" and "4"].)

For the sake of brevity, the Court will not linger on whether the third element requires a full and fair opportunity to litigate the *claim* in the prior proceeding or a full and fair opportunity to litigate the *issue to be estopped*. *See, e.g., Ryan v. N.Y. Telephone Co.*, 62 N.Y.2d 494, 501 (N.Y. 1984) ("In the application of collateral estoppel with respect to administrative determinations, the burden rests upon the proponent of collateral estoppel to demonstrate the identicality and decisiveness of the issue, while the burden rests upon the opponent to establish the absence of a full and fair opportunity to litigate *the issue* in prior action or proceeding.") (emphasis added). In any event, more important is the fact that Plaintiff's argument relies on a non-sequitur by assuming that the only way to "litigate" for purposes of the third element is to assert a claim (or counterclaim).

To the contrary, a party may "litigate" for purposes of the third element by asserting a defense in an answer. *See, e.g., Carty v. Wells Fargo Bank,* 18-CV-1165, 2019 WL 2475953, at

4

\*6 (N.D.N.Y. June 13, 2019) (D'Agostino, J.) ("In this case, the state court made a final determination on the merits of the claims at issue when it granted the motion for judgment of foreclosure and sale . . . . In that case, the state court struck Plaintiff's answer to the original foreclosure action, which raised [as a Special Defense] identical issues of fraud that Plaintiff raises in the present matter. . . . Thus, Plaintiff has had a full and fair opportunity to be heard, contest the decision, and participate in the litigation. . . . As such, the Court finds that, in the alternative, collateral estoppel precludes Plaintiff's claim."); *Fequiere v. Tribeca Lending*, 14-CV-0812, 2016 WL 1057000, at \*9 (E.D.N.Y. March 11, 2016) ("By raising these defenses in her Proposed Verified Answer, Plaintiff placed them at issue, meaning that they were actually litigated in the prior proceeding and qualify as identical issues.") (internal quotation marked omitted); *Howard v. Town of Bethel*, 481 F. Supp.2d 295, 302 (S.D.N.Y. 2007) (finding that, under New York law, property owners were collaterally estopped from litigating issue of whether town's zoning laws violated their First Amendment rights to freedom of speech, association, and assembly, where [1] town had sued property owners in state court on two occasions to prevent them from holding festivals without land use approvals required by town code, [2] property owners asserted as affirmative defense in both proceedings that town code violated their constitutional rights, and [3] state court granted injunctive relief in town's favor in both cases).[1]

      Here, Plaintiff asserted selective prosecution as an affirmative defense in the state court action. (Dkt. No. 14, Attach. 2, at 45 [citing Paragraph 11 of Verified Answer to Complaint in

---

[1] This is because, in order to have been actually litigated, an issue need only "'have been properly raised by the pleadings or otherwise placed in issue and actually determined in the prior proceeding.'" *Evans v. Ottimo*, 469 F.3d 278, 282 (2d Cir. 2006) (quoting *D'Arata v. N.Y. Cent. Mut. Fire Ins. Co.*, 76 N.Y.2d 659, 667 [N.Y. 1990]).

State Court]; Dkt. No. 14, Attach. 2, at 93-94 citing Paragraph 11 of Verified Answer to Amended Complaint in State Court].) Of course, the doctrine of collateral estoppel does not apply to the extent that the elements of the affirmative defense in the first action differ from the elements of the claim in the current action. *Cf. Breedlove v. Cabou*, 296 F. Supp.2d 253, 277 (N.D.N.Y. 2003) (McCurn, J.) (rejecting an analogous collateral-estoppel argument only because the elements of the affirmative defense of failure to exhaust an employer's dispute resolution program with regard to the plaintiff's state-law claims in the first action were different from the elements of a failure to exhaust defense to the federal and state-law claims before the court).

However, the elements of Plaintiff's affirmative defense of selective prosecution under New York State law are sufficiently similar to Plaintiff's current claim of selective prosecution under the Fourteenth Amendment's Equal Protection Clause for the doctrine of collateral estoppel to apply. More specifically, there are two elements of Plaintiff's affirmative defense of selective prosecution under New York State law in state court, as explained by New York State Supreme Court Justice Patrick J. McGrath: "first, a person (compared with others similarly situated) is selective treated and second, such treatment is based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." (Dkt. No. 14, Attach. 2, at 23 [citing *Town of N. Elba v. Grimditch*, 131 A.D.3d 150, 160-61 (N.Y. App. Div., 3d Dep't 2015), and *Bower Assoc. v. Town of Pleasant Val.*, 2 N.Y.3d 617, 631 (N.Y. 2004)]).[2] Similarly, generally, to establish an equal

---

[2] *See also, e.g., Ball v. Town of Ballston*, 60 Misc.3d 311, 317 (N.Y. Sup. Ct., Saratoga Cnty. 2018) ("Respondents have offered no evidence or argument to show one of the required elements of a selective enforcement defense: that Petitioner's actions have been motivated by 'impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights or malicious or bad faith intent to injure' . . . ."); *New York v.*

protection claim under a selective enforcement theory, a plaintiff must establish the following two elements: (1) that, compared with others similarly situated, he or she was selectively treated; and (2) that the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race, religion, intent to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person. *Jordan v. New York City Bd. of Elect.*, 816 F. App'x 599, 603-04 (2d Cir. 2020); *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000); *Zahra v. Town of Southold*, 48 F.3d 674, 683 (2d Cir. 1995). Under the circumstances, the fact that Supreme Court Justice McGrath found the existence of nether differential treatment nor impermissible motive (while evaluating Plaintiff's affirmative defense of selective enforcement) precludes Plaintiff from prevailing on a claim of selective enforcement now. (Dkt. No. 14, Attach. 2, at 23.)

Furthermore, to the extent that Plaintiff also argues that "there was no evidence produced on [the issue of selective enforcement]" in the state court action (Dkt. No. 18, Attach. 1, at 7 [page "4" of Plf.'s Opp'n Memo. of Law]), the Court must reject that argument for each of two alternative reasons. First, as a threshold matter, if there was indeed no such evidence submitted, that is entirely Plaintiff's fault, given that Plaintiff asserted selective enforcement as an affirmative defense, possessed the burden on the issue, and was given full and fair notice of, and an opportunity to be heard during, the two-day bench trial that occurred in state court. Second, in any event, some such evidence on the subject was in fact submitted (although it simply did not

---

*Salmon*, 125 Misc.2d 221, 224 (N.Y. Sup. Ct., Nassau Cnty. 1984) ("To invoke the right [against selective enforcement] successfully, not only must both the 'unequal hand' and 'evil eye' requirements be met, but the defense must establish that the selective enforcement was 'deliberately based on an unjustifiable standard such as race, religion, or some (otherwise) arbitrary classification.'").

7

support Plaintiff's affirmative defense). Specifically, it is undisputed that testimony was heard in state court from numerous witnesses (apparently twelve). (Dkt. No. 18, Attach. 2, at ¶ 8; Dkt. No. 14, Attach. 3, at 12-14.)³ Indeed, Plaintiff's counsel in state court expressly cited the testimony regarding the investigation conducted by the Code Enforcement Officer as evidence of selective enforcement. (Dkt. No. 144, Attach. 5, at 77 [Proposed Findings of Fact, in which defense counsel argued, among other things, "The investigation conducted by the Code Enforcement Officer clearly establishes the defendants' contention that there was a selective enforcement of the zoning laws and await which negatively impacted the defendants"].) Furthermore, in rendering his decision, Supreme Court Justice McGrath clearly relied on evidence regarding selective enforcement. (Dkt. No. 14, Attach. 2, at 23.)

For example, Justice McGrath referenced (albeit without citation to the record) the Code Enforcement Officer's trial testimony that the Town had used its limited resources in a way to obtain the most compliance with the law. (*Compare id. with* Dkt. No. 14, Attach. 3, at 333-34, 354-357 [containing pages "119" and "120," and "140" through "143," of trial transcript, presenting testimony of Michael Prest that he works part time, does not have any staff, and has a limited budget to enforce the code].) Justice McGrath also expressly referenced (1) the "proof that other properties with violations were cited and they were abated and corrected in a timely fashion," and (2) Plaintiff's "read[y] admi[ssion] that the Properties have been used as junkyards

---

³ Although many of the documents relied on by Defendants could be considered (as integral to Plaintiff's Complaint) when deciding Defendants' threshold cross-motion to dismiss for failure to state a claim, the Court finds it more appropriate to consider those documents when deciding Defendants' alternative cross-motion for summary judgment: Defendants have filed a proper Statement of Material Facts, Plaintiff has filed a Response to that Statement, and Plaintiff has not shown that he needs to conduct discovery to present facts essential to oppose that cross-motion pursuant to Fed. R. Civ. P. 56(d). (*See generally* Dkt. Nos. 14, 18.)

for a time period spanning decades, including after the 2007 Injunction was issued . . . ." (Dkt. No. 14, Attach. 2, at 23.)  Simply stated, there was certainly evidence produced on the issue of selective enforcement in the state court action.

Finally, with regard Plaintiff's argument that he is also asserting an equal protection claim under a "class of one" theory (Dkt. No. 2, Attach. 1, at 10-11 [attaching pages "6" and "7" of Plf.'s Memo. of Law]), the Court finds that, even if the Complaint could be liberally construed as asserting that claim (*see generally* Dkt. No. 1, at ¶¶ 78, 89), that claim is without merit, based on the current record, for each of two alternative reasons.  First, Plaintiff is collaterally estopped from asserting that claim as well.  Generally, to establish an equal protection claim under a "class of one" theory, a plaintiff must establish the following two elements: (1) that he was intentionally treated differently from others similarly situated; and (2) that there was no rational basis for the difference in treatment.  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam); *Jordan*, 816 F. App'x at 603.  Here, as indicated above, Justice McGrath found no differential treatment.  (Dkt. No. 14, Attach. 2, at 23 [stating, "The Properties are the largest and most egregious in the Town in violation of the Zoning Law. . . . [A]nd there was proof that other properties with violations where cited and they were abated and corrected in a timely fashion."].)  Second, in any event, the record contains uncontroverted evidence that Plaintiff is not the only Town resident who has been the subject of enforcement proceedings.  (*Compare* Dkt. No. 14, Attach. 8, at ¶ 19 [Fleming Affirm.] *and* Dkt. No. 14, Attach. 13 [Ex. E to Fleming Affirm., containing documents evidencing 2023 and 2024 enforcement proceeding against John Catlin] *with* Dkt. No. 2, Attach. 2 [Nalley Affid., not controverting evidence regarding John Catlin] *and* Dkt. No. 18 [Nalley Opp'n Affid., not controverting evidence regarding John Catlin].)

For all of these reasons, the Court denies Plaintiff's motion and grants Defendants' cross-motion. Because adequate grounds exist supporting its decision, the Court need not, and does not, reach Defendants' alternative arguments regarding the untimeliness of Plaintiff's claim and the impropriety of Vanessa Beuschel as a Defendant.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for a preliminary injunction pursuant to Fed. R. Civ. P. 65 (Dkt. No. 2) is **DENIED**; and it is further

**ORDERED** that Defendants' cross-motion to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) or in the alternative for summary judgment pursuant to Fed. R. Civ. P. 56 (Dkt. No. 14) is **GRANTED.**

Dated: November 1, 2024
Syracuse, New York

_____
Glenn T. Suddaby
U.S. District Judge